NEW-YORK,
Nov. 1810.

HOWARD
v.
EASTON.

</div>

———— ❁ ————

## HOWARD *against* EASTON.

IN ERROR, from the court of common pleas of *Oneida* county.

*Easton* brought an action of *assumpsit* against *Howard*, in the court below. The declaration stated,

<div align="right">

A contract for the sale and delivery of the *possession* of land, and the *improvements* thereon, must be in *writing*; otherwise,

</div>

it is within the statute of frauds. *Possession* is *prima facie* evidence of title; and is an *interest in land*, within the statute.

that on, &c. at, &c. a certain conversation was had between the parties, relative to the sale of the possession, and improvements made by the plaintiff, of a tract of 150 acres of land, in lot No. 3. in the *Oriskany* patent, in which conversation it was then and there agreed, that in consideration that the plaintiff promised and agreed to sell and deliver up to the defendant, the *possession* and *improvements* made by the plaintiff on the said lot of land, &c. he the defendant then and there undertook and promised to pay the plaintiff *sixty* dollars, unconditionally, and the further sum of *forty* dollars, on condition that a certain ejectment then depending in the supreme court, against *Easton*, at the suit of *Jackson*, ex dem. *Gephard and others*, should not be decided against *Easton*. The plaintiff averred, that in pursuance of the said contract, he afterwards, to wit, on, &c. delivered up to the defendant his possession and improvements, on, &c.; and further averred, that the said suit, &c. was not decided against the plaintiff, but that a judgment of nonsuit was entered in *August* term, 1809, against the plaintiff in that suit, yet the defendant, &c.

The defendant pleaded *non assumpsit*.

At the trial, in the court below, the plaintiff offered witnesses, to prove the contract stated in the declaration, it being admitted that there was no note or memorandum of the agreement in writing. The defendant objected to any parol evidence of the contract; but the court overruled the objection, and admitted the parol proof of the contract; and the jury found a verdict for the plaintiff. A bill of exceptions was tendered to the opinion of the court below, on which a writ of error was brought to this court.

The cause was submitted to the court without argument.

*Per Curiam.* Here was an agreement to sell and deliver *possession*, as well as the improvements upon land;

· 6

and possession must be considered as an *interest in land*, within the meaning of the statute of frauds, so as to render the contract void, as not having been reduced to writing. Possession is *prima facie* evidence of title, and no title is complete without it. The judgment below must, therefore, be reversed.