BENEDICT *against* BEEBEE.

IN ERROR, on *certiorari*, from a justice's court. *Beebee* brought an action against *Benedict*, before the justice, and declared for goods sold and delivered, work and labour, money had and received, and also for damages in not performing a certain contract relative to the possession and improvement of a certain farm.

Where A. in the possession of land, on which he had made improvements, agreed to transfer the same to B. who promised to pay him for the improvements, that a parol promise to pay for the *improvements* on land, was not within the statute of frauds. (Sess. 10. c. 44. s. 11.)

The defendant objected to any evidence as to the contract stated in the plaintiff's declaration, relative to the farm. The plaintiff then waived all claim under that part of his declaration, and stated that he should confine his proofs to the other demands. In the course of the trial, some of the witnesses spoke of the contract, but no objection was made by the defendant's attorney. The evidence in support of the other parts of the declaration was not clearly stated in the return; but it seemed that the plaintiff had given up the possession of a farm and some improvements made thereon by him, to the defendant; and there was some evidence from which a jury might infer that the defendant had agreed to allow the plaintiff for the improvements, to the amount of 15 or 20 dollars.

The jury found a verdict for the plaintiff, for 20 dollars, on which the justice gave judgment.

*Per Curiam.* The plaintiff having expressly abandoned all claim for damages for a breach of the contract as to the farm, all objections as to the statute of frauds are removed. A promise or undertaking by the defendant to pay the plaintiff for the *improvements* made by the defendant on the land, is not void under the statute. It was so decided by this court in the case of *Freer* v. *Hardenbergh*. (5 *Johns. Rep.* 272.)

The judgment below must be affirmed.

Judgment affirmed.