## LOMBARD *vs.* RUGGLES.

The equitable claim of a tenant, to the value of his improvements or betterments, made on lands held by possession only, arising under the statutes of 1821, chapters 47 and 60, may be conveyed by parol, accompanied by an actual transfer of the possession to the purchaser; it being, not an interest in the land itself, but merely an equitable right to compensation for the improvements.

THIS was an action of *assumpsit*, against the owner of a parcel of land, founded on *Stat.* 1821, *ch.* 62, for the value of improvements made thereon, by the plaintiff and those under whom he claimed ; the defendant having entered and ousted the plaintiff from the possession. It came up by exceptions taken in the court below to the opinion of *Whitman C. J.* who had nonsuited the plaintiff.

The facts were these. One *William Hill* entered into possession of a certain lot of land, of which *Ruggles* the defendant was owner in fee; and continued thereon, making improvements, for four or five years ; after which he sold his improvements, by deed, to one *Perry,* who continued in possession of the land two years, at the expiration of which he sold his right in the premises by bar-

gain, without writing, to the plaintiff. The plaintiff thereupon entered and made improvements on the land, and continued in possession until the defendant, without his consent, entered and ousted him.

*Godfrey,* for the defendant. The fee was originally in *Ruggles,* who was disseised by *Hill,* who conveyed by deed to *Perry.* By this conveyance *Perry* acquired a freehold, and his title was good against all persons but *Ruggles. Higby v. Rice,* 5 *Mass.* 344. This freehold never having passed from *Perry,* the possession of the plaintiff was a new disseisin of *Ruggles.* The interest which *Perry* acquired was an interest in land, which, by the statute of frauds, cannot be conveyed but by deed. *McMillan v. Eastman,* 4 *Mass.* 372. The legislature has treated the claim to betterments in the light of an equity of redemption, by requiring the sheriff, having sold it on execution, to convey the title by a deed. *Stat.* 1821, *ch.* 60. *Thompson v. Gregory,* 4 *Johns.* 81. Before the statute was passed, giving these equitable claims, a wrongful possession was regarded as an interest in lands. *Howard v. Easton,* 7 *Johns.* 205.

*J. Appleton* argued in support of the exceptions, citing *Lower v. Winters,* 7 *Cowen,* 263; *Goodwin v. Gilbert,* 9 *Mass.* 510; 11 *Mass.* 533; *Tinkham v. Arnold,* 3 *Greenl.* 122; 1 *Johns. Ch.* 131; *Clement v. Durgin,* 5 *Greenl.* 14; *Doty v. Gorham,* 5 *Pick.* 487; *Marcy v. Darling,* 8 *Pick.* 283; 6 *Greenl.* 452; *Davenport v. Mason,* 15 *Mass.* 92; *Bellington v. Welch,* 5 *Binn.* 129; *Ricker v. Kelley,* 1 *Greenl.* 117; *Gouverneur v. Lynch,* 2 *Paige,* 300; *Pritchard v. Brown,* 4 *N. Hamp.* 397; 4 *Amer. Jurist,* 312.

The opinion of the Court was delivered at a subsequent term, by

MELLEN C. J. In the first section of *ch.* 47, of the revised statutes, it is provided " that when any action has been, or may be hereafter commenced against any person for the recovery of any lands or tenements holden by such person, by virtue of a possession and improvement, and which the tenant, or person under whom he claims has had in actual possession for the term of six years or more

before the commencement of the action, the jury which tries the same, if they find a verdict for the demandant, shall, if the tenant so request, also inquire, and by their verdict ascertain the increased value of the premises by virtue of the buildings or improvements made by such tenant or those under whom he may claim ;" and the section goes on and prescribes the manner in which he is to avail himself of such estimated value. The 5th section of the act of 1821, *ch.* 62, provides the mode in which payment for such buildings or improvements is to be obtained, when the owner of the land is in possession, and, of course, no action is necessary to be brought by him. The provision is this : " that if any person shall make such entry into any lands, tenements or hereditaments, which the tenant or those under whom he claims, have had in actual possession for the term of six years or more before such entry, and withhold from such tenant the possession thereof, such tenant shall have right to recover of him, so entering, in an action for money laid out and expended, the increased value of the premises by virtue of the buildings and improvements, made by such tenant, or those under whom he claims." On this section the present action is founded. The 19th section of *ch.* 60 of the revised statutes, provides "that the right, title or interest of any person, owned, holden or claimed in virtue of a possession and improvement, as expressed in an act for the settlement of certain equitable claims arising in real actions, shall be liable to be attached and sold on execution." The facts stated in the exception bring the plaintiff's case expressly within the language of *ch.* 62, inasmuch as the plaintiff and those under whom he claims, had been in possession more than six years next before the defendant entered upon and took exclusive possession of the lot of land in question, without the plaintiff's consent. The sale from *Hill* to *Perry* of his possessory right, that is, of the benefits of the improvements made by him, was by deed. The sale of the same from *Perry* to the plaintiff, was by parol, followed by an immediate transmutation of the possession. Is the plaintiff's case within the true intent and meaning and reason of the foregoing sections of chapters 47 and 62 ? If so, the nonsuit ought to be set

aside. Both statutes profess to favor, sanction and protect the equitable claims of tenants to a compensation for the increased value of lands belonging to others, occasioned by the improvements made by such tenants, or those under whom they claim. Legal titles or legal claims were not the objects of legislative solicitude, nor in contemplation when those acts were passed. They were evidently intended, not in any degree to take from the owner of land any of his legal rights to the land, or in the slightest manner impair the perfection of his title: but merely to provide a mode for doing what the legislature deemed justice to the tenant, by subjecting the owner of the land to the payment of what a jury should pronounce to be the sum due in equity from him to the tenant, for the increased value of the land, arising from his labor and expenditures. For these reasons, the provisions of the acts before mentioned ought to receive a liberal construction, in order that the intentions of the legislature may be accomplished, and the contemplated benefits be realized by those for whom they were professedly designed.

No person is entitled to compensation for the improvements mentioned in the statutes, unless when sued for the land in a real action, in which case the amount of such compensation is to be estimated and settled by the jury on trial, or when the owner enters upon him and dispossesses him, as in the present case; in which case he may recover his compensation in an action of *assumpsit*. Hence it is plain that *Perry* cannot maintain any claim for the value of improvements made by *Hill* or by himself, for neither has possession or the right of possession, or been wrongfully dispossessed.

Thus stands the case in an equitable point of view. The plaintiff certainly claims under *Perry*, or did claim and hold under him, when he was dispossessed by the defendant, and neither of the acts points out how the claim shall be sanctioned or proved. It is first said by the counsel for the defendant that when *Perry* entered under the deed from *Hill*, he became seised: but it was a seisin by wrong; or, in other words, it was a continued disseisin of *Ruggles* the true owner. It is then asked, has the fee thus gained by the wrongful seisin, thus acquired, passed from *Perry* to any one?

9

Admit that it has not; but it is a fact that when the parol contract was made with the plaintiff, *Perry* abandoned the premises. If no estate passed to the plaintiff, it is perfectly clear that when *Perry* abandoned or left the premises, his disseisin was at an end. Surely no authority is necessary to establish this as a correct position; still we will merely cite *Small v. Proctor*, 15 *Mass.* 499. But besides the answer we have now given, it may be added that the present action involves no controversy as to the fee of the land, for that is admitted to be in the defendant. Nor does the act of 1821, *ch.* 47, contemplate any such idea. When the value of the improvements are estimated in the trial of a real action, as before mentioned, according to the first section of said act, if the owner elects to abandon the land to the tenant at the price estimated by the jury, no judgment is to be entered on the verdict, which is in favor of the demandant, but the proceeding is considered in the nature of a statute purchase at the estimated price, and judgment is to be entered for the demandant to recover that sum. If the demandant does not elect to abandon as abovementioned, he shall have judgment on the verdict, but no execution shall issue thereon, unless within one year from the rendition thereof, he shall have paid into the clerk's office, or the person appointed by the court, the sum which the jury have assessed for buildings or improvements, with the interest thereof. Thus we see that in a real action, where the demandant in his writ demands the fee simple, he recovers it, and his judgment on the verdict for such an estate as he demands; that is for the whole and perfect title. The statute provision as to compensation for all improvements, is a mere money concern in the result; though originating in the form of a real action for the recovery of the premises on which the improvements have been made. We pass on to the next objection, founded, according to the argument, upon the second section of the statute of frauds, *ch.* 53, which declares "that no leases, estates or interests either of freehold or term of years, or any uncertain interest of, in, to or out of any mesuages, lands, tenements or hereditaments shall at any time be assigned, granted or surrendered, unless it be by

some deed or note in writing." To show that the sale from *Perry* to the plaintiff is within the statute, the case of *Thompson v. Gregory*, 4 *Johns.* 81, and *Howard v. Eastern*, 7 *Johns.* 205, have been cited. The former was the case of a parol contract with *Rensselaer*, the original proprietor, authorising *Gregory* to erect the dam complained of; the right to the place where it was erected having been reserved to *Rensselaer*. The court say, "the right in question could not pass by parol. It was an incorporeal hereditament. It was not the land itself, but a right annexed to it, and could only pass by grant." The latter was the case of a promise on the part of the defendant to pay the plaintiff a certain sum, in consideration that the plaintiff had agreed and promised to sell and deliver up to him the possession and improvements made by the plaintiff on a certain piece of land. The court say, "here was an agreement to sell and deliver possession as well as improvements on land ; and possession must be considered as an interest in land. It is *prima facie* evidence of title, and no title is complete without it." In the case before us, *Hill* sold nothing but his improvements ; that is, his right to compensation for his improvements ; and *Perry* sold nothing to the plaintiff but his right in the premises ; that is, the right to compensation which he purchased of *Perry ;* for it does not appear by the exception that *Perry* made any improvements himself. The case therefore, differs from both of the cases cited. It is not one where any thing is claimed under *Perry* as a part of the reality, or growing out of it, or depending on any title ; but one plaintiff's dispossession by the defendant. The case of *Frear v. Hardenberg*, 5 *Johns.* 272, was assumpsit to recover compensation for improvements made on the defendant's land. One ground of defence was, that the promise of the defendant to pay for them was within the statute of frauds. *Spencer J.* says, " the contract does not go to take away from the promissor the land or any interest in, or concerning the same. The statute could have in view to avoid such agreements in relation to lands as rested in parol, "only where some interest was to be acquired in the land itself." In *Lower v. Winters*, 7 *Cowen*, 263, the Court say, "it has been repeatedly held

by this Court that a parol promise to pay for improvements on land, is not within the statute of frauds. Improvements upon land, distinct from the title or possession are not an interest in land within the meaning of the statute. In *Howard v. Eastern*, 7 *Johns.* 205, the contract was for the sale of the possession and improvements; this, (the court remarked) "was held to be within the statute"—observing that possession must be considered an interest in land, and *prima facie* evidence of title. See also *Benedict v. Beebee*, 11 *Johns.* 145. Thus stands the case upon the authority of decisions in New York. The question presented in this cause has never received a solemn decision in *Massachusetts*, or this State. It may have been agitated and disposed of at *nisi prius*, and the opinion of the presiding Judge been acquiesced in. Some memorandum in writing may have been considered necessary, before our separation from *Massachusetts*; but since that time several new provisions and principles have been introduced into our own statutes. The 5th section of *ch.* 62, which we have quoted at large, is one of them. We are therefore to consider and decide the question before us, in reference to our own legislation upon the subject. Viewing it as never having undergone careful consideration or received a formal decision, it becomes us to examine it with particular attention. The estate, right, title or interest which is the subject of the present inquiry is not a fee simple, a freehold estate or a term for years; nor is it an estate at will; for the owner of the land may at any time within twenty years maintain a writ of entry against the possessor without any entry or notice to depart from the premises; which notice is necessary in the case of a tenant at will. Is it then an "uncertain interest of, in, to or out of any messuages, lands or tenements"? It is clear it is not such an interest of, in or to the land; for the whole title is in the defendant, as we have before remarked. Neither is it an interest out of the land, because it has no necessary connexion with the title to the land, and does not depend on the title. It may exist in perfection independently of the land. In proof of this position, let us suppose that the plaintiff ten years ago, took possession of the land mentioned in the exception, and made

all the improvements himself, and continued such possession for seven years, and that then the defendant entered upon him and dispossessed him against his consent. In such a case no one would dispute the plaintiff's right to recover compensation for his improvements. Let us suppose further that the defendant, a year after his entry and dispossession of the plaintiff, sold and conveyed the land to *John Doe*, who entered into possession under his deed, still the plaintiff's right to recover of the defendant the value of the improvements would remain the same; for the statute *ch*. 62, gives the remedy by action against a person " so entering." This proves that the right in question does not grow " out of" the land, and that it does not depend on the title. It is no answer to this reasoning to say that the possession of *Perry* was a species of title to the land, in virtue of which he might have maintained an action of trespass or even a writ of entry against a stranger for an ouster, because he might have maintained either of said actions on a possession of one year as well as of six years. Besides, the right and power to maintain those actions, is not the right given by statute to recover compensation for improvements which we are examining, and the precise character of which we are endeavoring to ascertain and establish. In this view of the subject, we are satisfied that the statute of frauds is not applicable to the case under consideration. It may be proper here to observe that the principles advanced in this opinion and the reasoning we have pursued are applicable to those cases, and those only, where a succeeding occupant enters into possession of lands under a contract of sale made with the preceding occupant. There must be a transfer of the right to compensation by the former possessor to him who succeeds him in the possession and improvement of the land. Therefore if the plaintiff had made no bargain as to improvements with *Perry*, but he had abandoned the land, and the plaintiff had immediately entered into possession as a mere stranger, he could not, under the provisions of the statute, connect his possession and improvements with those of *Perry*, so as to constitute a possession and improvement for six years, and thus entitle himself to recover compensation for improvements. A person, by holding

possession of another's land, without authority or permission, and not under any contract, for the term of six years or more, and increasing the value of it by buildings and improvements, thereby acquires a statute right and title, founded on the principles of equity, to a reasonable compensation in money; and he acquires nothing more. The section of the act first cited, prescribes the mode in which he is to obtain such compensation, when the owner of the land has commenced a real action to recover possession. The section next cited prescribes how such compensation shall be obtained, when the owner, instead of commencing an action, has made an entry, without any suit, upon the land, and dispossessed the tenant, as was the case in the instance before us. We have expressed the above distinction before, but here repeat it for the purpose of further illustration. This action is the remedy prescribed in the latter case. In both cases the law has distinctly provided a right to demand and obtain a sum of money of the owner of the land, or rather, of the person owning the land at the time when the right to make and enforce the demand accrues. The law recognizes the tenant, who is entitled to compensation, merely as a creditor, but not as having a particle of title to, or interest in the land. Had the legislature considered him as having a title to, or interest in the land, would they not have required that he should have entered on record, when sued for the land, an abandonment of such title or interest to the owner, on receiving compensation for his improvements; or in some other form have released his interest in such cases, and also when, having been dispossessed by the owner, he has commenced an action of *assumpsit* for his compensation, and has recovered and received it? Yet no provision of the kind is made, as there is when the owner elects to abandon the premises demanded at the estimated value, before he is entitled to judgment for the amount of such value in money. But the law has gone one step further, and allows a tenant, when sued in a real action, as before mentioned, to connect his own possession and improvements with those of the person or persons, under whom he claims, and thus, in his own name, obtain an estimate in legal form, of the value of all improvements made on the

land, whether wholly by those under whom he claims, or by them and himself also, according to the facts of the case. And a tenant who has been dispossessed by the owner of the land, as *Lombard* was in the instance before us, may in his action of *assumpsit* against such dispossessing owner, avail himself of the same connexion of improvements made by those under whom he claims, with those made by himself, and in his own name, recover the estimated value of all such improvements. Here the statutes, in aid of the tenant, and to render the equitable system as convenient and effectual as possible, have changed a principle of the common law, which does not allow of the assignment or transfer of a mere right of action, and permitted the tenant, who has succeeded to the rights of those under whom he claims, to claim and recover payment for all improvements, in his own name, and for his own use; or at least, in those cases where he makes his claim in the trial of a real action, he is not to be removed from the possession until the estimated value of all the improvements shall have been paid by the demandant; which, in effect, amounts to the same thing.

The construction we have thus given seems to be in unison, in point of principle, with the provision in the first section of the act of 1829, *ch.* 431, which deserves particular notice. The legislature, in speaking of a tenant's right to compensation for his improvements, in chapter 62, call it "the estate, right, title or interest" which the person in possession has. It being a newly created right or interest, and of a very peculiar character, a variety of expressions or terms were employed in its description; but in its nature, it is merely personal property, or a right of action to recover a sum of money only, and that nature has not been changed. Neither is it changed by the provision that it may be attached on mesne process and sold on execution in the same manner as an equity of redemption. Should a law be passed requiring a sheriff in all cases of the sale of chattels, to make a deed of conveyance of the same to the purchaser, surely this could not convert such chattels into real property. The statute of 1829, above cited, provides that the right of action which a person has by virtue of a bond or contract in writing

to a conveyance of real estate upon conditions by him to be performed, may be attached on mesne process and sold on execution; and in the above section, the right, thus subjected to attachment and sale, is described as " the estate, right, title and interest" which the obligee has; yet it is purely a personal right, and has no connexion with the reality.

The only remaining inquiry is whether there has been a legal and sufficient transfer or assignment by *Hill* to *Perry*, of his claim for compensation; and this is not denied; and, in the next place, whether there has been a legal and sufficient transfer or assignment from *Perry* to the plaintiff, of all claims for improvements. What then is necessary to constitute such a transfer or assignment? In the present case it is not denied that the plaintiff paid a valuable consideration to *Perry* for his right, or claim for compensation for improvements. It is now well settled that an assignment of a debt needs not to be in writing. See *Vose v. Handy*, 2 *Greenl.* 322, and the cases there cited. By that case it appears that a delivery over the evidence of the claim or demand of the assignor, upon a valuable consideration, to the assignee, constitutes a valid and sufficient assignment. In this case, *Perry's* possession of the land at the time of the contract was the only visible evidence of his claim, and this was delivered up to the plaintiff, who immediately entered into possession. We do not, however, mean to decide that any actual or symbolical delivery of proof of the right or any thing else, was necessary to render the contract of sale complete. The statute requires none. If the legislature should pass a law authorising any person whose character has been slandered, or who has been assaulted and beaten, to transfer and assign his right of action to recover damages, and that the assignee might maintain an action in his own name for the recovery of such damages, surely no proof would be necessary to maintain such an action by the assignee, but proof of the wrong committed, and of the contract by which the transfer or assignment was made.

On the whole, as the acts have not required that in the transmission from one person to another, of his claims for compensation, the

Lombard *v.* Ruggles.

evidence of the contract and conveyance should be in writing ; as in its nature, and according to the several provisions of the statutes, it is considered as a mere right of action against the owner of the land at the time such right accrued, for the recovery, in certain prescribed modes, of a reasonable compensation in money, for the improvements made ; we are of opinion that such transfer or assignment may be legally made verbally, as well as in writing ; and that the statute of frauds has no influence upon the question. The exception is therefore sustained. . Accordingly the nonsuit is set aside and a new trial is to be had at the bar of this Court.