WRIGHT, J.
The real question we are asked to decide, is, •whether the deed from the defendant conveyed to the plaintiff the one-half acre of land described therein as reserved to the grantor.. The deed in terms conveys to Keys lot 4, called Jones's lot, supposed to contain one hundred and thirty-four acres more or less, reserving to the grantor half an acre in a square form on the street opposite the place where Joel Haney formerly lived.
The reservation in the deed, in our opinion, is what is technically denominated an exception. Is it void because it is repugnant to the grant? If the thing excepted be so repugnant to the thing granted' as that both cannot exist, the exception is void, because as both cannot exist, the grantee has the benefit of the rule of construction, which interprets grants most strongly against the grantor, and as both cannot stand, the grant stands and the exception fails. But to-make a case of void exception, or a total failure, the repugnance must exist throughout. If one grant lots 4 and 6, except 6, the exception is void, because it is repugnant to the entire grant of lot 6, and yet. it is evident there was an intention to convey lot 6, else why mention it at all ? If, on the other hand, the repugnancy is of only a. *part of the thing granted, the question is one of construe- [712. tion, in which the court seeks in the whole deed, the intention of the-grantor as to what he meant to grant in order to carry that intention into the construction of the deed, if it can be done without too-great a violation of the language used. It is desired to find out what, in a legal contemplation, has been conveyed ? If one grant all the farm on which he lives, except an acre in the southwest corner, it would in our estimation be absurd to construe the grant to include the acre, or to make the exception void. We do not understand Lyttleton, or his learned annotator, Coke, as maintaining any such proposition. In the case supposed, the excepted acre would have been included in the general terms of the grant, and, therefore, repugnant to so much of the grant as embraced the acre; but as effect could be given to such grant and the exception, also, according to the intention of the parties, the plain common sense of the deed is the law of the conveyance: (2 Wend. 524; 4 John. 81.) Here is a grant of lot 4, containing one hundred and thirty-four acres except half an acre opposite Harvey’s former residence. The *738 lot 4, and the one hundred and thirty-four acres are used as words of .description to designate the general subject of the grant, and, in connection with the exception, measure the exact quantity granted out of it. Words of description are not to be construed into words of limitation: (3 Ath. 9; 5 East 79; Dyer 50.) The grant, therefore., does not include what is expressly excepted from it, because it is not necesssary to include or destroy it to give effect to the grant. The law will not intend error or falsehood: (8 East 104.)
But it is urged, that this exception from the grant is void for uncertainty. That is certain which may be rendered certain. When a deed describes land by its quantity and occupier, a mistake in the place may be rejected in order to give effect to the grant, where the interest of the grantor is shown: (6 Taunt. 207.) By the settled rule of construction, a description of seventy acres in the southwest corner of a large tract, is sufficiently certain and to be laid out in a square form with the lines of the tract, taking the corner as the base : (2 O. 333 ; 8 John. 397.) The construction of a deed is matter of law for the court. The description here is of half an acre opposite where Harvey formerly resided. There can be no doubt of the intention of the grantor to reserve to himself, by exception from his deed, one-half an acre. Where does it lie ? Find where Harvey lived — if it be opposite the corner of the one hundred and thirty-four acre tract, it lies in the corner, in a square form — if so far from the corner, that the lines of the half 713] *acre would not reach it in a square form, then a line from the centre of the residence of Harvey would be the centre of the half-acre tract on the street, and the tract would be laid out in a square form by parallel lines, making that the base.
It is further urged, that inasmuch as the word heirs, is omitted in the reservation, the grantor only reserved a life estate, and nothing passed to the plaintiff, his heir, by descent. This would be true, if there were a technical reservation in the grant, because, inasmuch as the whole estate was granted, and the reservation out of it was to himself alone, it would cease with his life. Not so in case of an exception, as we hold this — being excepted, or excluded from the conveyance, it was not granted by it, and so remained in the grantor, and descended to his heir-at-law, the lessee of the plaintiff.
According to the terms of the agreed case, judgment is given for the plaintiff.