## CASSELL vs. COLLINS,

1.  A verbal contract to pay for improvements on land held adversely to the promisor, in consideration that the tenant would attorn to him and pay him rent for his unexpired term, is not within the statute of frauds of this State.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

ASSUMPSIT by Joseph Cassell against Sidney E. Collins, on the following facts, as shown by the bill of exceptions :

On the 23rd June, 1851, Cassell was in possession of a small lot and tenement at the corner of St. Anthony and Commerce streets, in the city of Mobile, deriving his possession from one Lowry, who had rented the lot from one Meslier, who claimed to be the owner and proprietor of it ; Lowry had rented for one year from the 1st October, 1850, and after he took possession had built the tenement aforesaid ; he afterwards sold out to Cassell his lease and all his interest in the premises, the latter allowing him $130 to $137 for said tenement ; Cassell then took possession of the premises as tenant of Meslier, acknowledged him as his landlord, and paid him rent; about the 23rd June, 1851, aforesaid, Collins went to Cassell, representing that he had recently recovered said premises in an action at law, and claiming the possession, which Cassell refused to surrender ; thereupon Collins proposed, that, if Cassell would attorn to him, and pay him rent instead of Meslier, he would pay Cassell, at the termination of his lease, for the tenement aforesaid built by Lowry, as much as any two honest men would say it

was worth; Cassell accepted this proposition, attorned to Collins, paid him rent for his unexpired term, and surrendered to him the premises at the close of his term; Collins refused to comply with his said agreement, or to pay Cassell the value of said tenement, which had been estimated by a brick-mason and a carpenter, both honest and competent men, at $105, for which amount this suit was brought.

On these facts the court charged the jury, that they must find for the defendant, and this charge is now assigned for error.

A. J. REQUIER and PERCY WALKER, for plaintiff in error:

1. A promise to pay for improvements is not within the statute of frauds.—7 Cowen 263; 11 Johns. 145; 5 Johns. 272. Nor was the promise a *nudum pactum*, for the want of a consideration. The evidence shows that there was a benefit to the party promising. The defendant in error was to pay for the improvements, and the plaintiff was to acknowledge tenancy. Here was a mutuality.

2. Our statute of frauds is not, in its terms, as broad as the English, which not only embraces any contract for the sale of lands, but also "any interest in or concerning them." But, admitting that the word tenements would give our statute as extensive an operation as that of Charles 2nd, still that construction would not bring the case within it, as a promise to pay for improvements cannot be regarded as a contract either for the sale of lands, or of any interest in or concerning them. The clause of the statute under review contemplates only a transfer of the title to the land or some interest therein. Here, the contract was not for the sale of land, nor relating to the sale of land. The title had nothing to do with the contract, nor did the latter in any just sense embrace any interest in the land. The plaintiff in error transferred no title, nor did defendant take any interest from him.

3. If the contract had been for the possession of land, it might possibly have fallen within the statute, as possession would perhaps be considered as an interest in land. But, there was no contract for the possession, and the record shows that the plaintiff in error remained in possession until the expiration of his lease.

4. The operation of the statute is limited to such executory

Cassell v. Collins.

contracts, as have been in no substantial part executed.—15
Mass. 85, 92; 7 Ala. 161; 2 Bing. 437. The case at bar is
not of this class. The action is founded on an executed con-
sideration, and the statute does not apply.

DANIEL CHANDLER, contra, insisted, that the contract proved
was equally obnoxious to the statute of frauds, whether it was
regarded as a contract for the sale of the tenement itself, or for
the lease and possession of the lot, or for the tenement, lease
and possession combined; that the words "lands, tenements
and hereditaments" have such an extensive signification, that
they include every thing embraced by the English statute; and
he cited the following authorities : Roberts on Frauds 126; 1
Shep. Touch. 91; 2 Black. Com. 17, 18; 1 Denio 556; 5
Johns. 272; 7 Cowen 263; 7 Johns. 205; 10 English Law
and Equity R. 517 ; 2 Ala. 625 ; 1 Green. Ev. § 271.

GIBBONS, J.—On the above stated facts the court below
charged the jury, that they must find for the defendant. The
court, doubtless, gave this charge under the impression that the
contract which the proof tended to establish was within our
statute of frauds, and therefore void unless the same was in wri-
ting; and the question now presented is, whether said contract
is within the statute of frauds or not.

It will be observed that our statute, in its terms, is somewhat
more restricted than that of the English statute. The language
of our act is, "or upon any contract for the sale of lands, tene-
ments or hereditaments," whilst the English statute has super-
added the words or any "interest therein." These latter
words, it is conceived, render the statute much broader in its
terms than it would be without them. Hence it is, that a cer-
tain class of cases in England upon this statute, and in New
York where the English statute has in terms been adopted, do
not apply to cases in this State, as many contracts are clearly
within the terms of those statutes (being for or concerning an
interest in lands, tenements or hereditaments) which would not
be within the terms of ours.

This remark is particularly true of the case of Howard v.
Easton, 7 Johns. 205, and of Kelly v. Webster, 10 Eng. Law
and Equity R. 517. We need not now decide whether or not

the case at bar falls within the influence of the cases of Frear v. Hardenburgh, 5 Johns. 271, Lower v. Winters, 7 Cowen 263, and Benedict v. Beebee, 11 Johns. 145. In these latter cases it is held, that a contract respecting the improvements merely on land, irrespective of the soil or freehold, is not within the statute of frauds, even in New York. Such a contract is to be considered rather as an agreement respecting work and labor done, than as a contract for the sale of lands or of an interest in them. Independent of these decisions, we consider the present case to fall within the principle of the case of Scoggins v. Slater, at the last term of this court. That was an action of assumpsit, brought to recover a sum of money agreed to be paid for certain improvements on lands. At the time of the contract the plaintiff had the lands and improvements in his possession, and on making the contract for the sale of said improvements the plaintiff put the said vendee in possession of said houses, &c., which he retained until his death. The contract was by parol, and it was insisted that it was within our statute of frauds; but this court decided otherwise, and held that the plaintiff could recover the sum agreed to be paid for said improvements by said contract. In commenting upon this case, the Chief Justice remarks : " This is not a contract for the sale of lands, and, in our opinion, is not obnoxious to the statute requiring such contracts to be in writing. Under our statute for the relief of tenants in possession, holding adversely a given time against dormant titles, it frequently may happen that the tenant is entitled to pay for his improvements, and the statute points out the mode in which he can recover.—Clay's Dig. 320 § 47. Now, if, instead of litigating the question, the parties agree on the value of the improvements, and the tenant surrenders them to the owner of the land on his promise to pay a given sum, we see no reason why he may not be entitled to recover the sum thus agreed to be paid." This language we consider equally applicable to the case at bar. Cassell, the plaintiff, is in the possession of certain premises as the tenant of Meslier, and of course holds adversely to the defendant. The defendant, claiming to have recovered the premises in question by action at law, goes to the plaintiff and demands the immediate possession of said premises ; this the plaintiff refuses to yield. The parties then commence a negotiation about the possession, which results in

a contract, by which the plaintiff is to repudiate his tenancy to Meslier, attorn to the defendant, and pay him rent for the unexpired term for which he holds; and the defendant, in consideration thereof, agrees to pay to the plaintiff for his improvements made upon the lands as much as any two honest men should say they were worth. This contract being parol merely, under the decisions of Howard v. Easton and Kelly v. Webster, *supra*, would be obnoxious to the English and New York statute of frauds, and could not be enforced; but under our statute, as interpreted in the case of Scoggins v. Slater, *supra*, is not liable to that objection.

Our conclusion, therefore is, that the court below erred in its charge to the jury; and the judgment is therefore reversed and the cause remanded.