WILLIAM J. L. MOULTON *versus* FREDERICK FAUGHT.

A reservation in a deed is for the benefit of the grantor and his successors, and not for that of persons claiming title to property not conveyed by the deed, and derived from other sources.

The right to maintain a dam on the land of another, must be regarded as such an interest in real estate as cannot pass by parol.

A parol agreement that a party may abut and erect a dam upon the land of another for a permanent purpose, is void by the statute of frauds.

ON REPORT from *Nisi Prius*, MAY, J., presiding.

This was an action of TRESPASS for an injury to a dam built by the plaintiff on the land of the defendant.

The plaintiff claimed the right to build the dam, the re-

Moulton *v.* Faught.

moval of which by defendant was the trespass complained of, under a verbal license from one Cutler, who held a bond of the premises from one Pingree. Southwick, the grantor of Pingree, had conveyed the same to the defendant, with certain reservations. The plaintiff claimed, that all the interest of Southwick in said reservations were in him by force of said conveyance, bond and verbal license. It did not appear, however, that the reservation in the deed from Southwick was for the benefit of the mills occupied by plaintiff.

The reservation referred to is given in full in the opinion of the Court.

*Vose*, for defendant, after reciting the facts, insisted, —

1. That the Southwick deed could give no right to flow lands of which Southwick was never owner.

2. But, suppose the Southwick deed gave the right, to what extent, and to whom was it given? The purpose is expressed in the deed. The right is limited to the grantor and his successors, in order to carry on the business of a tannery, located at some distance from the plaintiff's mills, and for that purpose alone.

3. Supposing, (which is not admitted,) that Cutler holds Southwick's right under the bond from Pingree; Cutler could not transfer that right to the plaintiff to enable him to carry on his saw-mill, below the tannery.

4. The transfer, if any, from Cutler was verbal. Such a right cannot be transferred, either at common law or by statute, by parol. Angell on Water Courses, (ed. of 1824,) 63; 4 Johns. 81; R. S., c. 26, § 3.

5. The defendant was justified in removing the dam as a private nuisance. Ang. on Wat. Cour., 74, 75; *Hodges* v. *Raymond & al.* 3 Taunt. 99.

*Whitmore* and *H. W. Paine*, for plaintiff.

1. The defendant assisted in building the dam, and was present when it was built, and made no objection to it. From these facts, the Court may infer a license. *Doe* v. *Wilson*, 11 East, 56; 7 B. & C. 243.

2. Cutler had a right to build the dam, and to permit the plaintiff to build it for him.

3. The plaintiff had a right by statute to build the dam. R. S., c. 126, p. 560.

4. If plaintiff had the right to build the dam either by license or by statute, the defendant is a trespasser in cutting it away. *Ricker* v. *Kelley*, 1 Maine, 117.

APPLETON, J. — This is an action of trespass, for an injury to a dam built by the plaintiff on the land of the defendant.

It seems, that the defendant acquired title to twenty-three and one-half acres of land, upon which the dam in dispute was erected, by a deed from one Southwick containing the following reservation: — "Reserving to the said Southwick and his successors, the privilege of flowing, by a dam situated at the outlet of the bog, as much of the above described premises as may be useful to them for the benefit of machinery situated at the brook below; reserving likewise the privilege of digging and removing earth and stones from said premises, at all times when the same may be wanted for building, repairing and supporting said dam, and of passing and repassing across said premises for such purposes."

The title to the Southwick tannery, for the benefit of which this reservation was made, on April 1st, 1846, passed to David Pingree, who on May 23d, 1849, gave a bond to Henry Cutler to convey to him by deed of quitclaim, all his (Pingree's) right, title and interest, "in and to a certain estate situate in said Sidney, being the same now occupied by said Cutler for tanning and agricultural purposes," &c. The plaintiff claims a right to erect the dam, by virtue of the verbal permission of Cutler. If Cutler were to be regarded as the successor of Southwick by reason of his bond, and as such entitled to the benefit of the reservation, still it is difficult to perceive how the plaintiff can derive any benefit therefrom.

The reservation was for the benefit of Southwick or his

successors, and not for that of those claiming title to other mills, derived from other sources. The plaintiff is the owner of a saw-mill. It does not appear, nor is it alleged, that his title was from Southwick, or that the reservation was for the mills now occupied by the plaintiff. The reservation was for the benefit of Southwick and of the machinery owned by him, and not for that of others.

The direct interest in the premises passed to the defendant by his deed. The right reserved by the grantor was an incorporeal hereditament. It was not the land itself, but a right annexed to it, and it could only pass by grant. The grantor could only assign his reserved interest by writing, according to the express provisions of the statute of frauds. *Thompson* v. *Gregory*, 4 Johns. 83.

In the present case, Southwick conveyed to the defendant but twenty-three and one-half acres. The dam in dispute, besides flowing the land granted, flows likewise from fifty to a hundred acres of land belonging to the defendant. Southwick, by his reservation, could not and did not attempt to impose a burthen upon the other lands of the defendant. The dam cannot therefore be justified by the reservation under which it is claimed to have been built.

It is provided by R. S., c. 126, § 3, that no mill or dam shall " be placed on the land of any person, without such grant, or conveyance, or authority, as would be necessary by the common law, if no provision relating to mills had been made by any statute."

The right to erect and maintain a dam on the land of another, must be regarded as such an interest in real estate as cannot pass by parol. *Pitman* v. *Poor*, 38 Maine, 236; *Thompson* v. *Gregory*, 4 Johns. 81; *Cocker* v. *Cowper*, 1 Cr., M. & Ros. 118. The verbal license to erect, would not be legally binding on the defendant. It was held in *Mumford* v. *Whitney*, 15 Wend. 481, that a parol agreement that a party might abut and erect a dam upon the lands of another, not for a temporary, but for a permanent purpose, as the creation

of mills or other hydraulic works, was void within the statute of frauds. *Plaintiff nonsuit.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.