## ALLEN GILMAN *vs.* AMASA STETSON.

*A judgment for the recovery of land in a real action, is usually conclusive upon the question of title ; and may well authorize the peaceable entry of the party, in whose favor it is rendered, without process of law.*

*But under the st. 1821, c. 47, § 1, where the other party has by the verdict of a jury established an interest in the same land in virtue of the buildings and improvements made thereon by him or those under whom he claims, if the demandant does not within one year from the rendition of judgment, unless he elects on the record to abandon the demanded premises to the tenant, pay into the clerk's office, or to such other person as the court may appoint, the sum with the interest thereof which the jury shall have assessed for such buildings and improvements, he can have no writ of seizin or possession on his judgment, nor can he maintain any action for the recovery of the same premises, unless he shall first have paid to the tenant all such costs as would have been taxed for him, had he prevailed in the first suit.*

*If therefore the demandant, in such case, does not make payment within the year, the judgment ceases to have any validity whatever, and will not authorize an entry into the land under it.*

*A recovery of an undivided portion of a tract of land against one who had been for many years in possession under a recorded deed of the whole, and an entry under the judgment, gives the demandant a rightful seizin of such share in his own right, but does not enure to the benefit of one having a similar claim to the remainder of the tract, or prevent its being barred by the statute of limitations.*

GILMAN filed a petition for partition at *Oct. Term,* 1835, where-in he alleged that he was seized in fee as tenant in common of one undivided fourth part of a piece of land, with the buildings thereon, on *Exchange Street,* in *Bangor,* and prayed to have partition there-of made. *Stetson* appeared, and pleaded that he was sole seized of the land. The petitioner claimed under a deed from *N. Har-low,* dated *Sept.* 24, 1802, acknowledged and recorded within the same month, purporting to convey the whole lot. *Gilman* en-tered under that deed and continued in possession until *March,* 1825. The respondent read in evidence a judgment in his favor against the petitioner in 1826 for one moiety of the lot. Also a judgment in favor of *French* against the petitioner in 1827 for one fourth of the lot, and showed that *French's* title was in him. The respondent also read in evidence the record of a judgment recov-ered at the *June* Term of this Court for this county, 1827, for one undivided fourth part of the same lot in favor of *Robert Lapish,*

against the petitioner, and showed that the title of *Lapish* was in him. In this last case, the then tenant and present petitioner, preferred a claim for betterments under the statute, which was found in his favor by the jury, and estimated at $37,50. It did not appear that this sum, or the costs to which the tenant would have been entitled, had been paid or tendered to the petitioner, or to the clerk of the Court, or to any other person authorized to receive the same, or that the costs had ever been taxed, or that any writ of possession had issued. It appeared that Mr. *Abbott* occupied the building at one time, and in *December*, 1829, took a lease of one fourth part of it from *Gilman*.

There was testimony on the part of the respondent tending to show, that *Gilman* had waived his interest in the betterments, or had agreed to set-off the same against the costs; and also opposing testimony on the part of the petitioner.

At the trial before EMERY J. the parties agreed, that this action should be put to the jury, on the whole evidence, on the question, whether the petitioner had waived or abandoned his interest in the betterments, with instructions that if upon the evidence they were satisfied, that he had waived or abandoned his interest in the betterments, they should return a verdict for the respondent; and if not, then for the petitioner. The verdict was for the petitioner, and was taken subject to be amended or altered according to the opinion of the Court upon the case reported by the Judge.

*F. Allen* argued for the respondent, citing in support of the position, that if *Gilman* ever acquired any seizin by his entry under the deed from *Harlow*, it was destroyed by the judgments; *Vaughan* v. *Bacon*, 3 *Shepl.* 455, and cases there cited ; *Farrar* v. *Eastman*, 1 *Fairf.* 191. That one tenant in common cannot be disseized by a stranger, unless all are disseized, is settled by the cases cited, and by *Ricard* v. *Williams*, 7 *Wheat.* 59. The respondent had the seizin, and was in the actual possession of the land since 1827, and it is not necessary that any writ of possession should issue upon *Lapish's* judgment. It justified the entry made under it. But were it otherwise, the judgments in favor of the other tenants in common and the entries under them were for the benefit of all the owners, and purged any disseizin committed by *Gilman*. *Colton* v. *Smith*, 11 *Pick.* 311 ; *Liscomb* v. *Root*, 8

*Pick.* 376.   The better opinion is, that where there is an adverse possession, partition will not lie, until after a judgment establishing the right.

*Rogers*, for the petitioner, said that the petitioner had acquired a title by his entry and occupation under his deed from *Harlow*, unless defeated by the judgments. He does not claim but one fourth, and to that he is entitled.  *Lapish* never paid the betterments; and unless payment therefor was made within the time limited in the statute, the judgment cannot give any rights to the demandant whatever, and is as if it had not existed, save that no new action can be maintained to try his former claim, until payment is made. The old suit does not aid the respondent, and the statute of limitation has barred any new one. The entry under the judgments made *French* and *Stetson* tenants in common with *Gilman*, but not with *Lapish*. A petition for partition may be maintained, where there has been a disseizin, if the petitioner has a right of entry. *Baylies* v. *Bussey*, 5 *Greenl.* 153.

The opinion of the Court was drawn up by

WESTON C. J. — The principal question presented in this case is, whether the judgment in favor of *Robert Lapish* against the petitioner for the land in controversy, with which the respondent has connected himself, gave a right of entry to the respondent, whereby he became sole seized, or whether that judgment is evidence of title in him. And we are of opinion, that that judgment did not authorize an entry into the land for which it was rendered, and that it does not remain in force, as subsisting evidence of title. A judgment for the recovery of land in a real action is usually conclusive upon the question of title; and may well authorize the peaceable entry of the party in whose favor it is rendered, without process of law.

But the rights of such party have been essentially changed by the statute of 1821, *c.* 47, § 1, where the other party has, by the verdict of a jury, established an interest in the same land, in virtue of the buildings and improvements made thereon by him, or those under whom he claims. In such case, if the demandant does not elect, on the record, to abandon the demanded premises to the tenant, if he does not, within one year from the rendition of judgment,

Gilman *v.* Stetson.

pay into the clerk's office, or to such other person as the court may appoint, the sum with the interest thereof, which the jury shall have assessed for such buildings and improvements, he can have no writ of seizin or possession on his judgment. Nor can the demandant maintain a new action, for the recovery of the same premises, unless the demandant shall first have paid to the tenant all such costs as would have been taxed for him, had he prevailed in the first suit.

To permit a demandant who had not paid within the time limited, to enter. without process of law, in a case where such process is expressly forbidden, would defeat the manifest intention of the statute, which withholds from him the fruits of his judgment, if he does not extinguish, by payment within the year, the interest of the tenant. And it must be understood, upon a fair construction of the statute, that if he neglects to pay, the judgment ceases to have any validity whatever. He may bring a new action for the premises, upon payment of costs to the tenant, as if he had been the prevailing party, and not otherwise. If the first judgment was to remain as conclusive evidence of title, the prosecution of a new action would be a useless waste of time and expense. The same end would have been much more readily accomplished by providing that the demandant might, after the year, have his writ of possession by paying for the improvements with interest, and also the tenant's costs. This might have been effected by positive enactment, although generally no writ of execution upon a judgment can issue, unless sued out within a year. But we are satisfied that it was the intention of the legislature, that if the demandant did not perfect his judgment, by payment within the time limited, he should be subjected to the necessity of beginning *de novo*, as if no judgment had been rendered.

The judgment under consideration having lost its validity, the question remains, whether the verdict for the petitioner is justified by the other evidence in the case. It appears that the entire piece of land, of part of which he now claims to be seized as tenant in common, was conveyed to him by *Nathaniel Harlow*, in *September*, 1802, by a deed duly executed, acknowledged and recorded. That the petitioner thereupon went into possession, and continued to enjoy it exclusively until *October*, 1826, when a judgment for a

moiety of the whole, which was afterwards executed, was rendered in favor of the respondent. And in the following year, *Zadoc French* recovered judgment for a fourth part, which was perfected. The petitioner therefore neither does or can set up any title to the three fourths, thus recovered against him.

And it is insisted, that an entry under these judgments, not only gave them a rightful seizin in their own right, but enured also to the benefit of *Lapish*, as a seizin by one tenant in common is available to the other cotenant. But when they entered, *Gilman* was the other tenant in common. He entered, not as disseizor, but under a deed, and had then been in possession twenty-five years. *Lapish* might have the better title, unless barred by the statute of limitations, but the actual seizin was in the petitioner, and nothing has yet taken place to divest him of it. The judgment in favor of *Lapish* has lost its validity, and is no longer evidence of title. Whether *Lapish* could now prevail at law, we have no occasion to decide. He can have no action, until he first pays the petitioner his costs, which has not been done. And if *Lapish* cannot controvert the title of the petitioner directly as demandant, in a suit at law, the respondent, who has no right to the part in question, except under *Lapish*, cannot be permitted to set up that title. Otherwise the provisions of the statute, before cited, might be evaded and defeated. With respect to the occupation of the land in the rear of the building, or of the building itself, under the respondent, that would not divest the seizin of the petitioner, he being tenant in common with the respondent. The occupancy by tenants, under the respondent, is justified by his undisputed title to three fourths, without assuming that the petitioner was disseized. He entered upon the premises and asserted his right in 1829, which was recognized by the tenant, *Abbot.*

*Judgment on the verdict.*