MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 133
Docket:        Wal-20-73
Submitted
  On Briefs:   September 29, 2020
Decided:       November 17, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## MARK W. OGDEN et al.

v.

## JOEDY LABONVILLE

JABAR, J.

[¶1]  Joedy Labonville appeals from a summary judgment entered by the Superior Court (Waldo County, *R. Murray, J.*) ejecting her from real property located in Troy, Maine, pursuant to 14 M.R.S. §§ 6701-7053 (2020).  We affirm the judgment entered in favor of Mark and Jacquelyn Ogden, the owners of the real property.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the parties' statements of material facts submitted in connection with the Ogdens' motion for summary judgment and reflect the record viewed in the light most favorable to Labonville

as the nonprevailing party.[1]  See *McCandless v. Ramsey*, 2019 ME 111, ¶ 4, 211 A.3d 1157.

[¶3]  In 2013, Theodore Barnes filed a real action for ejectment against Joedy Labonville and her now-deceased husband in the Superior Court, seeking to remove the couple from property in Troy.  *See* 14 M.R.S. § 6701.  The Labonvilles filed a counterclaim against Barnes seeking to obtain a money judgment for betterments they had allegedly made on the land.  *See* 14 M.R.S. § 6958 (2020).  The court entered a judgment on August 26, 2015, ejecting the Labonvilles from the property and ordering Barnes to pay the Labonvilles $19,000 for betterments.[2]  14 M.R.S. §§ 6701, 6958.  Barnes did not pay the betterments judgment within the year following the judgment, *see* 14 M.R.S. § 6961 (2020), and, in fact, never paid the judgment.

[¶4]  After the trial court entered judgment in favor of Barnes on his real action for ejectment and awarded the Labonvilles a money judgment for

---

[1]  Labonville's arguments on appeal challenge the trial court's entry of partial summary judgment in favor of the Ogdens on their real action to eject Labonville and on Labonville's counterclaim for trespass, which rendered Labonville's counterclaim for declaratory judgment moot.  Labonville does not challenge the trial court's final order, entered after a bench trial, which primarily consisted of factual findings on her counterclaim for damages related to the value of improvements she had made to the property after October 22, 2015, which is the date that the court entered a final judgment on the *Barnes v. Labonville* matter.  Therefore, the facts in this opinion are presented as if the appeal was taken directly from an entry of full summary judgment in favor of the Ogdens.  *See* M.R. Civ. P. 56(c).

[2]  The Labonvilles appealed the trial court's decision, and this Court affirmed the judgment in a memorandum of decision.  *Barnes v. Labonville*, Mem-16-114 (Oct. 18, 2016).

betterments, Labonville continued to live on the property. Barnes never paid the judgment and never received a writ of possession for the property. In 2018, Barnes conveyed his interest in the property to Jacquelyn Ogden's parents, who in turn conveyed the property to Jacquelyn and Mark Ogden. Mark Ogden has entered the property several times to till and work the land.

[¶5] On May 21, 2018, the Ogdens filed a complaint in the Superior Court seeking to eject Joedy Labonville from the property and obtain a writ of possession. 14 M.R.S. §§ 6701, 6704 (2020).[3] Labonville filed a counterclaim seeking a declaratory judgment establishing her title to the property, as well as counterclaims for trespass and unjust enrichment. The Ogdens moved for summary judgment on their complaint and on Labonville's counterclaims on December 7, 2018.

[¶6] The court held a hearing on the motion and entered an order on September 23, 2019, granting the Ogdens' summary judgment motion in part and denying it in part.[4] The court granted the Ogdens' motion for summary

---

[3] The Ogdens had actual knowledge of the 2015 matter between Barnes and the Labonvilles, and deposited $21,420.17 with the court when they filed their complaint, intending that amount to satisfy the 2015 judgment if and when they secured a writ of possession. The legal consequence of this knowledge has not been raised on appeal.

[4] Shortly thereafter, the court entered an order in which it concluded that Labonville's counterclaim for declaratory judgment was moot.

4

judgment for their claim of ejectment against Labonville. In reaching the conclusion that the Ogdens had title to the property and a right to enter it, *see* 14 M.R.S. § 6902 (2020), the court found that there was a chain of conveyances originating from Barnes and ending with the Ogdens receiving the ultimate conveyance in March 2018. As a result of the finding, the court also granted the Ogdens' motion for summary judgment on Labonville's trespass claim against them.

[¶7] The court denied the Ogdens' motion for summary judgment on Labonville's claim for unjust enrichment. Further, the court permitted Labonville to amend her counterclaim to assert a betterment claim.[5] On the remaining issue of improvements to the land, after a one-day bench trial, the trial court entered a final judgment on January 29, 2020, concluding that Labonville was entitled to compensation for betterments pursuant to 14 M.R.S. § 6961.[6] Additionally, the court entered a final judgment for the Ogdens on their real action for ejectment.

---

[5]  On October 4, 2019, Labonville filed an amended answer to the complaint and added a counterclaim to assert a claim of betterment instead of unjust enrichment.

[6]  The trial court found that Labonville was entitled to the $19,000 originally awarded in 2015, interest on that amount, and $1,500 as compensation for betterments made after October 22, 2015. The total money judgment in Labonville's favor was $23,856.07.

[¶8]   Labonville timely appeals from the summary judgment.[7]   *See* 14 M.R.S. § 1851; M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶9]  On appeal, Labonville argues that the trial court erred in granting the Ogdens' motion for summary judgment on the real action for ejectment and the counterclaim for trespass.  Specifically, Labonville contends that the trial court incorrectly interpreted section 6961, resulting in an incorrect determination of the legal ramifications of Barnes's failure to pay the 2015 betterments judgment.  *See* 14 M.R.S. § 6961.[8]  Labonville contends that as a result of Barnes's failure to pay the betterments order within one year, title in the property passed to her.  Labonville also contends that the Ogdens are permanently barred from bringing a real action against her because they do not have title to the property.  Contrary to Labonville's contentions, the trial court

---

[7]  Labonville does not appeal from the court's judgment on her claim for compensation for betterments pursuant to 14 M.R.S. § 6958 (2020).

[8]  Section 6961 states, "When the plaintiff does not elect so to abandon the premises, no writ of possession shall issue on his judgment, nor a new action be sustained for the land unless, within one year from the rendition thereof, he pays to the clerk or to such person as the court appoints for the use of the defendant, the sum assessed for the buildings and improvements, with interest thereon." 14 M.R.S. § 6961 (2020).

6

correctly interpreted section 6961 and did not err in granting the Ogdens possession of the property.[9]

A.    Standard of Review

[¶10]  We "review the entry of an order for summary judgment de novo for errors of law, viewing the evidence in the light most favorable to the party against whom summary judgment was entered." *Puritan Med. Prods. Co. LLC v. Copan Italia S.P.A.*, 2018 ME 90, ¶ 10, 188 A.3d 853.  "A party is entitled to summary judgment when the statements of material fact and referenced evidence establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law." *In re George Parsons 1907 Tr.*, 2017 ME 188, ¶ 14, 170 A.3d 215; M.R. Civ. P. 56.  "When there is no genuine issue of material fact, we review de novo the trial court's interpretation and application of the relevant statutes and legal concepts." *Belanger v. Yorke*, 2020 ME 24, ¶ 13, 226 A.3d 215 (quotation marks omitted).

---

[9]  Labonville also argues on appeal that the trial court erred in holding that she did not hold an interest in the property sufficient to sustain her counterclaim for trespass against the Ogdens. Labonville did not specify in her counterclaim the statutory provision upon which she grounded her trespass claim—14 M.R.S. § 7551-B (2020) or 14 M.R.S. § 7552 (2020)—but the trial court concluded that she had failed to present a prima facie case under either standard.

B.    Real Actions, 14 M.R.S. §§ 6701-7053 (2020)

1.    Title

[¶11]  Labonville argues that when Barnes failed to pay the betterments judgment within the one-year period prescribed by statute, title to the property passed to her, and, therefore, the Ogdens have no claim of title to the property and no right to eject her, and she has a viable trespass claim against the Ogdens.

[¶12]  Real actions for the "recovery" of real property are governed by 14 M.R.S. §§ 6701-7503.  Such actions allow a plaintiff who purports to hold title to a piece of real property (the "demandant") to attempt to recover the property from another party who is in possession of the premises (the "disseizor").  *Id.* §§ 6701, 6801.  Where a demandant proves title to the property, the court may issue a judgment to that effect, *id.* § 6703, and may issue writs of possession in favor of the demandant.[10]  *Id.* § 6704.

[¶13]  In cases where the disseizor has been in actual possession of the property for at least six successive years before the case was filed, however, the disseizor "shall be allowed a compensation for the value of any buildings and

---

[10]  An action to recover an estate in real property, brought pursuant to statute, is the functional equivalent to the common law action for ejectment.  *Psonak v. Roberts*, 1999 ME 171, ¶ 3 n.1, 740 A.2d 590.  "In order to establish a *prima facie* case in a real action to recover an estate in real property . . . plaintiffs must show that they have both the title to which they lay claim and a right of entry."  *Id.* ¶ 5.

improvements on the premises made by him or by those under him whom he claims, to be ascertained and adjusted as provided." 14 M.R.S. § 6956. If a demandant secures a judgment against a disseizor, the demandant may elect to abandon the property to the disseizor. *Id*. § 6705. If the demandant does not so elect, the disseizor who proved that the property had been improved is entitled to recover the value of those improvements. *Id*. § 6958. Section 6961 provides that, unless the demandant pays that sum plus interest within one year, "no writ of possession shall issue on his judgment, nor a new action be sustained for the land." *Id*. § 6961.

[¶14] In *Lombard v. Ruggles*, we said that "[t]he law recognizes the tenant, who is entitled to compensation, merely as a creditor, but not as having a particle of title to, or interest in the land." 9 Me. 62, 70 (1832). Labonville retained her interest in the 2015 judgment she received for betterments, but that judgment did not award her title to the property. Furthermore, she did not gain title to the property as a result of Barnes's failure to pay the betterments within one year. The trial court correctly held that the Ogdens proved their title to the property by way of a conveyance, entitling them to eject Labonville.

2.      Subsequent Demandants

[¶15]   Additionally, Labonville argues that Barnes's failure to pay the 2015 judgment that she and her husband obtained against Barnes, entitling them to compensation for their improvements, means that any claims for ejectment against Labonville—by any party—are barred by section 6961.

[¶16]  Applying section 6961, we conclude that Barnes's failure to pay the 2015 betterments judgment within one year prevented *Barnes* from obtaining a writ of possession but did not preclude all other demandants—including the Ogdens—from bringing another real action for the property after the year had passed.  Section 6961, in laying out the preclusive effects of a failure to pay a betterments judgment, makes reference only to the effect upon the parties to the action, not upon other demandants not party to the action.  *See id.*  ("[N]o writ of possession shall issue on *his judgment,* nor a new action be sustained for the land . . . ." (emphasis added)).

[¶17]   The trial court properly held that Barnes's failure to pay the judgment did not preclude the Ogdens—who were not involved in the 2015 action—from bringing a real action of ejectment against Labonville for the

property.[11]   Section 6961 prevents only Barnes from bringing another real action. *See Gilman v. Stetson*, 18 Me. 428, 431 (1841) (holding that the "manifest intention of the statute" is to withhold from the demandant "the fruits of his judgment" if he does not pay a betterments judgment).

## III.  CONCLUSION

[¶18]  The trial court correctly interpreted 14 M.R.S. § 6961 and the legal framework governing real actions for ejectment.  Labonville did not take legal title to the property by way of the 2015 judgment, and the Ogdens were not statutorily barred from bringing the instant action.[12]  The trial court therefore did not err in entering a partial summary judgment in favor of the Ogdens granting them a writ of possession, or in concluding that its judgment rendered Labonville's counterclaim for declaratory judgment moot.

The entry is:

Judgment affirmed.

---

[11]  The parties stipulated that Labonville's entitlement to betterments made prior to October 22, 2015, was established by the 2015 judgment.

[12]  For the same reasons, the court did not err in entering summary judgment in favor of the Ogdens on Labonville's trespass claim.  Both 14 M.R.S. § 7551-B and 14 M.R.S. § 7552 include as an element of statutory trespass the failure of the trespasser to secure permission from the owner and provide that the trespasser is liable to the owner for damages.  *See* 14 M.R.S. §§ 7551-B(1), 7552(2)-(4).  Because the Ogdens demonstrated that Labonville did not own the property, as a matter of law Labonville could not establish a prima facie case for damages under either 14 M.R.S. § 7551-B or 14 M.R.S. § 7552.

---

Daniel J. Bernier, Esq., Law Office of Daniel J. Bernier, LLC, Waterville, for appellant Joedy Labonville

Sarah Irving Gilbert, Esq., Camden Law LLP, Camden, for appellee Mark W. Ogden et al.

Waldo Superior Court docket number RE-2018-08
FOR CLERK REFERENCE ONLY