STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. CV-21-151


ANGELA SMITH & RICHARD SMITH,  )
PERSONAL REPRESENTATIVES OF THE )
ESTATE OF PETER A. SMITH        )
                                )
        Plaintiffs              )
                                )
                                )  ORDER ON DEFENDANT'S MOTION
        v.                      )  FOR      PARTIAL      SUMMARY
                                )  JUDGMENT
                                )
JOHN HENSON and MERCY HOSPITAL and )
EASTERN MAINE HEALTHCARE SYSTEMS )
                                )
        Defendants              )


Before the Court are Defendants John Henson ("Henson"), Mercy Hospital ("Mercy")

and Eastern Maine Healthcare Systems' ("EMHS") (collectively "Defendants") Motion for

Partial Summary Judgment. For the reasons set forth herein, the Defendants' Motion is DENIED.

## FACTUAL BACKGROUND

This case arises out of the tragic passing of a twenty five year old man named Peter

Smith ("Peter"). Peter was born on January 24th, 1992, and graduated, in 2017, from Temple

University in Pennsylvania with a bachelor's degree in business administration. (Defendants'

Statement of Material Facts ("Defs.' S.M.F.") ¶¶ 4,5.) After graduation, Peter accepted an offer

of employment from KPMG — one of the "big four" international accounting firms — to work

as an audit associate in their Portland, Maine office. (Defs. S.M.F. ¶¶ 4, 6, 7.) After moving to

Maine, Peter began pursuing his CPA licensure. (Defs.' S.M.F. ¶¶ 6, 7.) Unfortunately, Peter's

1

REC'D CUMB CLERKS OFC
MAY 20 '22 PM12:05

bright future was cut short when he contracted Lyme disease. (Defs.' S.M.F. ¶ 8.) Peter passed on July 2nd, 2017, at the age of twenty five. (Defs.' S.M.F. ¶ 10.)

Prior to Peter's death, he presented to the emergency room at Portland based Mercy Hospital on two occasions. (Defs.' S.M.F. ¶ 8.) The first was on June 7th, 2017, at Mercy's Fore River Express Care location and the second, was on June 20th, 2017, at Mercy Hospital's State Street location. (Defs.' S.M.F. ¶ 8.) After his presentations at Mercy, Peter's condition worsened, and he was admitted to Maine Medical Center on June 25th, 2017. (Defs.' S.M.F. ¶ 9.) Eight days later, he was discovered deceased at his mother's home in Pennsylvania. (Defs.' S.M.F. ¶ 10.)

Peter's parents, Richard and Angela Smith ("Smiths" or "Plaintiffs") brought a three count complaint in this court in their capacity as personal representatives of Peter's estate. The Smiths raise medical negligence claims against Henson, Mercy, and EMHS and seek multiple remedies on behalf of Peter, including damages for: conscious pain and suffering, medical expenses, lost earnings, and loss of enjoyment of life. The Smiths also seek damages for: loss of the comfort, society and companionship of their loved one, emotional distress, and funeral expenses.

On April 4th, 2022, the Defendants filed a Motion for Partial Summary Judgment, seeking to foreclose the Smiths ability to recover future earnings damages. On April 19th, 2022, the Plaintiffs filed their opposition and on April 29th, the Defendants replied. The Defendants Partial Summary Judgment Motion, now fully briefed, awaits this Court's decision.[1]

## SUMMARY JUDGMENT STANDARD

---

[1] In their opposition, the Plaintiffs ask the Court to deny the Defendants' Summary Judgment Motion as untimely because it was filed three days after the twice extended deadline for filing dispositive motions. Pursuant to M.R. Civ. P. 6, the Court exercises its discretion, and moves *sua sponte*, to retroactively extend the deadline again, three days, making the Defendants' motion timely. The motion is not denied on this basis.

2

Summary judgment is warranted when a review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, establish that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Ogden v. Labonville*, 2020 ME 133, ¶ 10, 242 A.3d 177. A material fact has the potential to influence the outcome of the case; and a genuine issue of material fact exists if the factfinder must decide between competing versions of the truth. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If a properly supported motion has been filed, the nonmoving party must demonstrate supporting record facts, disputed or undisputed, that establish a prima facie case for the claim(s) in issue. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. In that regard, the court considers the record facts in the light most favorable to the non-moving party and gives him the benefit of all favorable inferences that may be drawn from those facts. *Levis v. Konitzky*, 2016 ME 167, ¶ 20, 151 A.3d 20, 28; *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. The record is assessed for sufficiency—not persuasiveness—such that a court can make a factual determination without speculating. *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759. Summary judgment proceedings address only questions of law; they may not, by definition, deal with factual issues except to the extent of determining from documents before the court that there exists no genuine issue of material fact. *Tiesi v. Ogunquit*, 491 A. 2d 564, 568 (Me. 1985).

## DISCUSSION

The Defendants claim they are entitled to Summary Judgment on the Plaintiffs' pursuit of future earnings damages because, although there may be "statistical support" for Peter's future earning potential, recovery for such loss is "too speculative as a matter of law to reward." The Defendants rest their contention on Maine's wrongful death statute, which they say, precludes

3

recovery for loss of future earnings in this case. The Plaintiffs, in opposition, offer a different interpretation.

## I. Maine's Wrongful Death Statute

Maine's Wrongful Death Statute is found in Title 18-C, section 2-807, and allows personal representatives of the estates of deceased parties to hold tortfeasors liable notwithstanding the death of the tortfeasee. 18-C M.R.S. § 2-807(1) (2021). It is intended to hold "the person or the corporation that would have been liable if death had not ensued" accountable. *Id.*

Subsection two of Maine's Wrongful Death Statute provides several limitations on damages recoverable by those bringing an action under the statute. In the case of heirs seeking pecuniary damages, the statute says: "The jury may give damages as it determines a fair and just compensation with reference to the pecuniary injuries resulting from the death." 18-C M.R.S. § 2-807(2) (2021). This language is different from the pre-2009 version of the statute which limited the nature of pecuniary recovery in the wrongful death context to those "for whose benefit the action is brought:" "The jury may give such damages as it determines a fair and just compensation with reference to the pecuniary injuries resulting from the death *to the persons for whose benefit the action is brought . . . .*" 18-C M.R.S. § 2-804(b) (2008) (emphasis added). The operative difference between the two versions of the statute is the presence of the phrase "to the persons for whose benefit the action is brought." The Defendants say the removal of that phrase creates ambiguity, while the Plaintiffs maintain that the statute unambiguously allows recovery for loss of future earnings by the decedent's estate.

## II. Analysis

4

Prior to the 2009 amendment, Maine courts had consistently limited recoverable future earnings damages to those wrongful death plaintiffs who claimed personal, pecuniary damages as a result of the death. *See Watson v. Spring Harbor Hosp.*, No. CV-83-283, 2008 Me. Super. LEXIS 201, *4 (Oct. 9, 2008) (entering partial summary judgment against surviving family members and estate beneficiaries on the issue of future earnings damages because the Plaintiffs could not establish, beyond mere speculation, any pecuniary harm they would incur from the decedent's lost earnings); *Grover v. Spring Harbor Hosp. et. al.*, No. CV-04-210, 2007 Me. Super. LEXIS 116, *3 (June 14, 2007) (granting partial summary judgment on the issue of future earnings damages because the plaintiff offered no proof of employment history or any other credible, corroborative evidence of that the decedent's loss of future earnings caused her harm.). Thus, the pre-2009 statute was interpreted by courts to limit pecuniary recovery for future earnings losses to those who are bringing the wrongful death action on behalf of, or as, beneficiaries of the decedent's estate. *See also Carter v. Williams*, 2002 ME 50, ¶ 10, 792 A.2d 1093 (affirming denial of pecuniary recovery for parents who brought wrongful death suit because any pecuniary injury to the parents, resulting from the loss of their nine year old child's future earnings, was too speculative to ascertain); *Fitzpatrick v. Cohen*, 777 F. Supp. 2d, 193, 194-95 (D. Me. 2011) ("The parties agree that [the pre-2009] version of Maine's Wrongful Death Act limited the recovery of pecuniary injuries to losses actually sustained by [the] [p]laintiff, . . . the sole beneficiary of the estate.")

After the 2009 amendment, courts interpreting the wrongful death statute's pecuniary damage language imposed no such limitations on recovery for loss of future earnings. *See Cole v. Holland*, YORSC-CV-10-348, slip op. at 5 (Me. Super. Ct., York Cnty., Mar. 14, 2013) (awarding $360,000 in damages to a wrongful death plaintiff for loss of future earnings of the

decedents — her two sons — because the plaintiff's "request that the court find future total lost wages for each of the decedents is supported by the record"); *Fitzpatrick*, 777 F. Supp. 2d at 195 ("[T]he removal of a requirement that any provable loss be tied to a particular beneficiary—has the . . . effect of providing for full recovery of the decedent's lost earnings by the estate.").

This Court agrees with the courts which have interpreted the post-2009 amendment version of the statute. Prior to the 2009 amendment, the only recovery which could be obtained for loss of future earnings was recovery for loss incurred by the wrongful death beneficiary themselves. In practical terms, this meant pecuniary damages for loss of future earnings could only be pursued if, as in *Watson* and *Grover*, the wrongful death plaintiff plead — and proved — facts which suggested the decedent intended to care for his beneficiaries upon receipt of his future earnings. After the 2009 amendment, the statute's language allowed for full recovery of the decedent's lost earnings by the estate. Thus, the deletion of the phrase "to the persons for whose benefit the action is brought" extricated the only language limiting pecuniary recovery for loss of future earnings and broadened entitlement to such damages.

The Defendants attempt to circumvent this conclusion by claiming that the current statutory language is ambiguous. They invite the Court to look at the legislative intent behind the amendment to reach the opposite conclusion. The Court declines the Defendants' invitation. The limiting language of the post-2009 iteration of Maine's wrongful death statute is unambiguous. *See Cent. Me. Power Co. v. Devereux Marine Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262 ("When a statute is ambiguous, a court may look to legislative history or other extraneous aids in its interpretation.")

The statute allows a wrongful death plaintiff — a personal representative or special administrator of the decedent's estate — to seek pecuniary damages resulting from the death, for

6

the benefit of the estate and its beneficiaries. This includes the loss of the deceased's future earnings, regardless of whether the estate's beneficiaries suffered any actual loss.

## CONCLUSION

The Defendants' Motion for Partial Summary Judgment is Denied. The wrongful death statute unambiguously allows for pecuniary recovery in the form of loss of future earnings. Accordingly, the Plaintiff may present evidence which support such a claim at trial, and the fact finder may determine what award, if any, is appropriate.

**Entry is:**

Defendant's Motion for Partial Summary Judgment is Denied.

The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 5/23/22

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 5/23/2022

7