STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. CV-22-75


VACATIONLAND DISTRIBUTORS, LLC      )
                                    )
            Plaintiff               )
                                    )
                                    )
                                    )
        v.                          )
                                    )  ORDER ON PLAINTIFF'S MOTION
                                    )  FOR SUMMARY JUDGMENT AND
FORE RIVER BREWING COMPANY, LLC     )  DEFENDANT'S M.R. CIV. P. 56(f)
                                    )  MOTION
            Defendant               )
                                    )
                                    )
                                    )


Before the court is Plaintiff Vacationland Distributors' ("Vacationland") Motion for

Summary Judgment and Defendant Fore River Brewing Company's ("Fore River") Motion to

Continue the Plaintiff's Summary Judgment Motion for further development of the factual

record. For the reasons set forth herein, the Defendant's Maine Rule of Civil Procedure ("M.R.

Civ. P.") 56(f) Motion is GRANTED IN PART. Plaintiff's Summary Judgment Motion is

CONTINUED with respect to Counts I (Good Cause) and III (Reasonable Compensation). The

Court agrees with the Plaintiff that the statute applies, and that Fore River failed to provide

proper notice. Summary judgment is granted in favor of Vacationland on Count II.

## FACTUAL BACKGROUND

This case arises out of Fore River's decision to terminate its longstanding, exclusive

distribution arrangement with Vacationland.

REC'D CUMB CLERKS OFC
JUN 21 '22 PM 12:06

1

Vacationland is a boutique distributor of beer and wine, with a focus on fresh, high quality craft beer. (Plaintiff's Statement of Material Facts ("Pl.'s S.M.F.") ¶ 1.) Vacationland has been licensed by the Maine Bureau of Alcoholic Beverages and Lottery Operations ("BABLO") since 2014. (Pl.'s S.M.F. ¶ 2.) As a craft beer distributor, Vacationland provides a comprehensive suite of services to its customers that includes marketing and public relations services, as well as strategic consulting and business planning. (Pl.'s S.M.F. ¶ 3.)

Fore River is a craft brewery located in South Portland which, as a producer of 30,000 barrels — or fewer — per year, is defined by statute as a "small brewery" or "small beer manufacturer." (Pl.'s S.M.F. ¶ 4.) Fore River is licensed by BABLO as an in-state manufacturer of malt liquor. (Pl.'s S.M.F. ¶ 4.) Fore River began packaging its beer for retail sale in 2015, and asked Vacationland to serve as its exclusive distributor of Fore River's beer in Maine. (Pl.'s S.M.F. ¶ 5.) From January 16th, 2016, until January of 2022, Vacationland served as Fore River's exclusive distributor of its products in Maine. (Pl.'s S.M.F. ¶ 15.) The parties' executed a Distribution Agreement on January 1st, 2017, that was set to expire by its terms on December 31st, 2021. (Def.'s S.M.F. ¶ 3.)

On January 3rd, 2022, Vacationland received an email from Fore River co-founder John LeGassey ("LeGassey") attaching a letter dated December 22nd, 2021, and signed by both LeGassey and Thomas Hanson, Fore River's other co-founder. (Pl.'s S.M.F. ¶ 9.) In the attached letter, Fore River stated that it did not intend to continue its distribution relationship with Vacationland, and that it intended to go direct in distribution of its products in Maine. (Pl.'s S.M.F. ¶ 9.) The letter acknowledged that Vacationland had been a valuable distribution partner to Fore River and largely cited economic reasons for the termination. (Pl.'s S.M.F. ¶ 12.)

2

On January 5th, 2022, Vacationland responded to Fore River's letter with its own, explaining its position that Fore River had failed to comply with the Certificate of Approval Holder and Maine Wholesale Licensee Agreement Act ("Act"). (Pl.'s S.M.F. ¶ 13.) Specifically, Vacationland claims that Fore River failed to comply with the Act's requirements that they give 90 day notice — to Vacationland and BABLO — prior to termination, and pay reasonable compensation for the fair market value of the distributor's business. (Pl.'s S.M.F. ¶ 13.) On January 6th, 2022, Fore River notified BABLO that it was appointing itself the exclusive distributor of its products within the State of Maine. (Pl.'s S.M.F. ¶ 14.)

On January 10th, 2022, Fore River sent Vacationland another letter reiterating their decision to terminate their relationship and stating that the contractual terms between Fore River and Vacationland superseded the requirements of the Act. (Pl.'s S.M.F. ¶ 18.) Since the termination of their distribution relationship, Fore River has not provided Vacationland with further compensation. (Pl.'s S.M.F. ¶ 19.)

When Fore River announced its intent to terminate the parties' agreement, Vacationland was not bankrupt or insolvent, its assets had not been assigned for the benefit of any creditors or similarly disposed of, its license to do business in Maine was in good standing, and neither Vacationland or its principals had been convicted of or pled no contest to a charge of violating a law relating to its business that affected its ability to remain in business. (Pl.'s S.M.F. ¶¶ 20-23.)

On February 24th, 2022, Vacationland filed a four count complaint against Fore River, making multiple claims under the Act. On March 17th, 2022, Vacationland moved for summary judgment on three of those counts, and on April 20th, 2022, Fore River filed its opposition, as well as a Motion pursuant to M.R. Civ. P. 56(f) seeking to conduct further discovery before the

court decided Vacationland's Motion for Summary Judgment. With Vacationland's reply to both on May 9th, the parties await this court's decision.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when a review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, establish that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Ogden v. Labonville*, 2020 ME 133, ¶ 10, 242 A.3d 177. A material fact has the potential to influence the outcome of the case; and a genuine issue of material fact exists if the factfinder must decide between competing versions of the truth. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If a properly supported motion has been filed, the nonmoving party must demonstrate supporting record facts, disputed or undisputed, that establish a prima facie case for the claim(s) in issue. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. In that regard, the court considers the record facts in the light most favorable to the non-moving party and gives him the benefit of all favorable inferences that may be drawn from those facts. *Levis v. Konitzky*, 2016 ME 167, ¶ 20, 151 A.3d 20, 28; *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18. The record is assessed for sufficiency—not persuasiveness—such that a court can make a factual determination without speculating. *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## DISCUSSION

Plaintiff Vacationland seeks summary judgment on Counts I-III of their complaint which raise multiple claims under the Act. Count I claims cancellation without good cause under 28-A M.R.S. § 1454; Count II alleges failure to provide notice of intent to terminate under 28-A

4

M.R.S. § 1455; Count III claims failure to pay reasonable compensation under 28-A M.R.S. § 1457.

Vacationland maintains that the limited record generates no genuine issue of material fact as to Counts I and II and asks that the court compel arbitration under Count III. Fore River, in opposition, raises a threshold argument that the December 31st, 2021, contract expiration between the parties renders the Act inapplicable to Vacationland's claims. Fore River, in the alternative, raises the same general objection to summary judgment on all counts: the factual record is not sufficiently developed to "justify their opposition" and therefore the court cannot rule on the pending summary judgment motion pursuant to M.R. Civ. P. 56(f). The court first briefly addresses Fore River's contract-based arguments. It then addresses Count I in the context of M.R. Civ. P. 56(f) before proceeding to an analysis of Counts II and III.

## I. Application of the Act

In their opposition to Vacationland's Motion, Fore River chiefly argues that the Act does not govern this analysis because their Distribution Agreement with Vacationland expired on December 31st, 2021, the date listed as the "end date" in the distribution agreement executed by the parties on January 1st, 2017. Fore River claims that this contractual end date, along with the effective date of the boilerplate "Termination Agreement" sent to Vacationland for a signature — December 31st, 2021 — rendered Fore River and Vacationland's contractual relationship inactive.[1]

As a matter of law, the court disagrees. 28-A M.R.S. § 1454(1) provides a definition for the type of agreement the Act's requirements apply to:

**1. Agreement.** "Agreement" means a commercial relationship, not required to be evidenced in writing, of definite or indefinite duration, between a certificate of approval holder

---

[1] The Distribution Agreement is attached Legassey's Affidavit as Exhibit B. The "Termination Agreement" is attached as Exhibit C.

5

and a wholesale licensee, under which the wholesale licensee is authorized to distribute one or more of the certificate of approval holder's brands of malt liquor, wine or beverages. The performance or accomplishment of any of the following acts shall constitute prima facie evidence of an "agreement" within the meaning of this definition:

> A. The shipment, preparation for shipment or acceptance of any order by any certificate of approval holder or its agents for any malt liquor, wine or beverages to a wholesale licensee within the State; and

> B. The payment by a wholesale licensee and the acceptance of payment by any certificate of approval holder or its agent or the shipment of an order for malt liquor or beverages intended for sale in Maine.

28-A M.R.S. § 1454(1) (2022).

The summary judgment record clearly establishes that a commercial relationship existed between Fore River and Vacationland. Since 2015, both parties agree that Vacationland has acted as Fore River's sole distributor of its malt liquor products in Maine.

The fact that the Distribution Agreement between the parties expired on December 31st, 2021, does not alter this analysis. Although termed as an "agreement" in the act, the statutory text of Section 1454(1) only requires a "commercial relationship" for a party to seek the Act's protections. The existence of a commercial relationship is admitted by the parties and buttressed by the two statutory factors which constitute prima facie evidence of an agreement. At some point over the six years that Fore River and Vacationland were in business, Fore River "shipped or prepared for shipment," an order for malt liquor by Vacationland, 28-A M.R.S. § 1451(1)(A), and Fore River "accept[ed] . . . payment" for such a shipment or order. 28-A M.R.S. § 1454(1)(B).

To the extent Fore River argues that Vacationland waived the Act's application or its right to reasonable compensation through the 2017 contract, the Act's language itself defeats this argument. Fore River may not require Vacationland, through contract or otherwise, "to waive [Fore River's] compliance with any provisions of [the Act]." 28-A M.R.S. § 1462 (2022).

6

Even if Fore River's contractual arguments had merit, Section 1454 prohibits "refus[ing] to continue" and "refus[ing] to renew" a distribution relationship without good cause. 28-A M.R.S. § 1457 (1-A) (2022). Thus, a decision by Fore River not to renew the 2017 contract, *made without good cause*, would subject Fore River to arbitration on the issue of reasonable compensation under Section 1457 and potentially damages under Section 1458, regardless of whether a contract exists. *See* 28-A M.R.S. § 1457 (2022) (defining a "triggering change" as a "refusal to renew" and "refusal to continue" a distribution relationship); 28-A M.R.S. § 1458 (2022) (authorizing suit for any violation of the Act's provisions).

As a matter of law, the provisions of the Act apply to the distribution arrangement between Fore River and Vacationland. Fore River is bound to comply with the Act's provisions notwithstanding the existence of the 2017 contract.

## II. M.R. Civ. P. 56(f)

Fore River next claims in opposition that further "discovery is required" for them to sufficiently respond to Vacationland's Summary Judgment Motion and moves, pursuant to Rule 56(f) to continue summary judgment proceedings until further discovery can be completed.

M.R. Civ. P. 56(f) states:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, Rule 56(f) grants the court discretion to review the summary judgment record and deny or continue a pending summary judgment motion if the opposition cannot "for reasons stated," present by affidavit, "facts essential to justify the opposition."

7

The Law Court has previously looked to the First Circuit for guidance in evaluating Rule 56(f) motions, deeming the five-part test in *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 n.4 (1st Cir. 1999), to be "helpful, though not mandatory." *Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 22, 814 A.2d 449.

The First Circuit's *Simas* framework requires a 56(f) motion to:

(1) be made within a "reasonable time" after the filing of a summary judgment motion; (2) place the trial court on notice that the movant wants the court to delay action on the summary judgment motion . . .; (3) demonstrate that the movant has been diligent in conducting discovery, and show "good cause" why the additional discovery was not previously practicable with reasonable diligence; (4) set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion; and (5) attest that the movant has personal knowledge of the recited grounds for the requested continuance.

*Bay View Bank N.A.*, 2002 ME 178, ¶ 22, 814 A.2d 449 (citing *Simas*, 140 F.3d at 46).

### III. Failure to Provide Notice of Intent to Terminate

Vacationland seeks judgment on Count II which charges Fore River with a violation of 28-A M.R.S. § 1455. That statute contains notice requirements for breweries who intend to terminate their relationship with a distributor. Section 1455 provides, in pertinent part, that "before any termination procedure is initiated" by the brewery, they must give the distributor "written notice of any claimed deficiency existing in the [distributor's] territory" giving the distributor at least thirty days to cure such deficiencies. 28-A M.R.S. § 1455 (2022). After the thirty-day cure period has passed, the manufacturer must provide written notice of their "intent to amend, cancel, terminate, refuse to continue, [or] refuse to renew" the agreement at least ninety days prior to the effective date of such termination or amendment.[2] 28-A M.R.S. § 1455 (2022).

---

[2] Section 1455 provides several circumstances in which notice is not required. *See* 14 M.R.S. § 1455 (1)(A)-(D) (2022). None of those circumstances apply here.

Vacationland maintains that Fore River did not provide either a thirty day cure notice or a ninety day termination notice. Thus, they seek a judgment that Fore River failed to comply with the statutorily required termination notification process. In their opposition, Fore River maintains that they provided "correspondence" to Vacationland of various issues, multiple times, and that Vacationland failed to correct the issues "with the understanding that the parties' relationship could be terminated." (Defendant's Statement of Material Fact ("Def.'s S.M.F.") ¶¶ 47-48.) Copies of this correspondence were not provided in Fore River's opposition.

In his affidavit, LeGassey claims this correspondence exists, and says that he is "actively working to retrieve this emails/correspondence which date back to approximately 2015." (*See* LeGassey Aff. ¶ 12.) LeGassey's affidavit, and Fore River's summary judgment opposition may raise an issue of fact as to Fore River's provision of a thirty day cure notice. However, the record generates no genuine issue of material fact as to Fore River's provision of a ninety day termination notice. Failure to comply with either the 30 day right to cure or the 90 day termination notice is a violation of the statute. *Eastern of Maine, Inc. v. Vintners Group, Ltd.*, 455 A.2d 936, 944 (Me. 1983). If Fore River provided a 90 day termination notice to Vacationland, prior to their cancellation of the arrangement, they would have made an allegation to that effect or produced it. The Court is not convinced that any further discovery under Rule 56(f) will adduce any further facts influencing this analysis. Accordingly, summary judgment on Count II is granted in favor of Vacationland.

**IV. Good Cause**

In their Motion, Vacationland maintains that Fore River did not have "good cause" for terminating their distribution arrangement with Fore River — a requirement for lawful termination under the Act. Fore River asserts that they did have good cause and asks — pursuant

9

to Rule 56(f) — for further time to develop the factual record so they can adduce facts justifying their opposition to Vacationland's claims.

In this case, the first three factors of the *Simas* framework favor Fore River. The 56(f) motion was (1) made in response to Vacationland's Summary Judgment Motion; (2) places this court on notice that Fore River wants the court to delay action; and (3) demonstrates that, to the extent practicable a month after Vacationland's complaint, Fore River has been diligent in their discovery responses. The fifth factor also falls in favor of Fore River's requested continuance because Fore River is the party which committed the alleged statutory violation and is defending against it. Fore River has demonstrated sufficient personal knowledge of the good cause issues raised in Vacationland's Motion.

The fourth factor — and the heart of this analysis — falls in favor of Fore River as well. It is evident from Fore River's Motion that additional discovery between the parties could adduce material facts relevant to the resolution of Count I.

28-A M.R.S. § 1454 provides:

> Notwithstanding the terms, provisions or conditions of any agreement, no certificate of approval holder may amend, cancel, terminate or refuse to continue or renew any agreement, or cause a wholesale licensee to resign from an agreement, unless good cause can be established or proven for amendment, termination, cancellation, nonrenewal, noncontinuation or causing a resignation.[3]

28 M.R.S. § 1454 (2022).

> Good cause includes, *but is not limited to*, the following:
>
> (A) Revocation of the wholesale licensee's license to do business in the State;
>
> (B) Bankruptcy or insolvency of the wholesale licensee;
>
> (C) Assignment for the benefit of creditors or similar disposition of the assets of the wholesale licensee; and

---

[3] Under the Act, Vacationland is a wholesale licensee (or distributor), and Fore River is a certificate of approval holder (or manufacturer).

10

*(D) Failure by the wholesale licensee to substantially comply, without reasonable excuse or justification, with any reasonable and material requirement imposed upon him by the certificate of approval holder.*

28 M.R.S. § 1454 (2022) (emphasis added).

Fore River's opposition and accompanying affidavits suggest that answers to their discovery requests and interrogatories could adduce facts which would influence the outcome of the 28-A M.R.S. § 1454 "good cause" analysis. LeGassey, a co-founder of Fore River, asserts in his affidavit that Vacationland engaged in conduct which resulted in damage to their product or brand, indicating that Fore River may have had good cause for termination.[4] (*See* LeGassey Aff. ¶¶ 13-18, 20, 21.)

Exhibit B, attached to Fore River Attorney John Cronan's affidavit and submitted with Fore River's 56(f) Motion and opposition, contains a draft first set of interrogatories which could adduce multiple facts influencing this court's good cause analysis. That set of interrogatories contains requests for documents regarding Vacationland's correspondence with other parties about Fore River's brand and any marketing or promotional materials related to Fore River's products. (Cronan Aff. Ex. B.) They also ask for data regarding sales volume incentive disclosures and keg transactions, a listing of all products sold by Vacationland back to January of 2020, documents regarding current BABLO civil charges against Vacationland, information about Vacationland's ownership and investment structure, and company handbooks, policies, and operating procedures. (Cronan Aff. Ex. B.) When considered together with the accusations levied in LeGassey's affidavit, it is plausible that facts adduced in response to Fore River's

---

[4] LeGassey's affidavit claims that Vacationland, *inter alia*, encouraged customers to purchase a competitor's products, systemically failed to track Fore River's kegs, drastically raised its operating costs by being careless with the product, selling expired or near expired product to customers, spreading misinformation about Fore River's product and brand, and communicating Fore River's business ideas to a competitor also within Vacationland's portfolio. (*See* LeGassey Aff. ¶¶ 13-18, 20, 21.)

interrogatories, as well as any deposition testimony, could influence the outcome of the "good cause" analysis.

Accordingly, Fore River's Rule 56(f) Motion is granted with respect to Count I. The court continues Vacationland's Motion for further discovery on the issue of good cause.

**V. Reasonable Compensation Arbitration**

Finally, Vacationland seeks summary judgment on their third count, compelling arbitration under 28-A M.R.S. § 1457 (2022). That statute provides for reasonable compensation to be paid to a distributor should a manufacturer make a "triggering change" to a distribution arrangement. 28-A M.R.S. § 1457 (1-B) (2022). A triggering change is defined by 28-A M.R.S. § 1457(1)(F) (2022) as an "amendment, cancellation in whole or in part, termination, refusal to continue or refusal to renew an agreement by a [manufacturer] . . . unless good cause can be established or proven for [the change]." If the parties cannot come to an agreement regarding the amount of compensation to be paid, section 1457(2) requires the appointment of a neutral arbitrator to determine the reasonable compensation owed to the distributor affected by the "triggering change." 28-A M.R.S. § 1457(2) (2022).

Vacationland's Summary Judgment Motion asks the court to compel arbitration after granting judgment on Counts I and II in their favor. However, as discussed *supra* 9-10, the court does not grant summary judgment on Count I. Vacationland, however, argues that summary judgment on Count II — a failure to provide notice — is enough to compel arbitration. In support of their position, they make two arguments. First, they rely on *Ford Motor Co. v. Darlings*, 2016 ME 171, 151 A.3d 507. Second, they claim that a failure to treat inadequate notice as dispositive would render Section 1455 meaningless.

12

In *Ford Motor Co.*, the Law Court held that, under an analogous statute protecting motor vehicle franchisees, a motor vehicle manufacturer cannot argue that there was good cause for their modification of a franchise agreement unless they provide notice of the change. *Ford Motor Co.*, 2016 ME 171, ¶ 44, 151 A.3d 507. The statute at issue there, 10 M.R.S. § 1174(3)(B) stated that it is unlawful for a motor vehicle manufacturer

> to do any . . . act prejudicial to the dealer by . . . threatening or attempting to modify a franchise during the term of the franchise . . . if the modification substantially and adversely affects the motor vehicle dealer's rights . . . *without giving 90 days' written notice* by certified mail of the proposed modification to the motor vehicle dealer.

10 M.R.S. § 1174(3)(B) (2022) (emphasis added). The statute then allows a motor vehicle dealer to protest the modification, forcing a manufacturer, like Ford, to make a showing of good cause before an independent adjudicative body known as the Maine Motor Vehicle Franchise Board. 10 M.R.S. § 1174(3)(B) (2022); *c.f.* 10 M.R.S. § 1187 (2022) (creating Maine Motor Vehicle Franchise Board). In precluding the manufacturer from making a good cause argument, the Court relied, in part, on the statute's language clearly making notice a prerequisite to any modification. *Ford Motor Co.*, 2016 ME 171, ¶ 35, 151 A.3d 507. Under this statute, notice of modification triggers a dealer's protest which makes the good cause argument available to a manufacturer. *Id.*

Contrary to Vacationland's assertions, *Ford Motor Co.* is distinguishable from this case. Section 1455's notice requirement is not a prerequisite to the availability of a good cause argument under Section 1454. Instead, Section 1455's notice requirement serves as a statutory obligation — independent of Section 1454 and Section 1457 — requiring a manufacturer to provide notice prior to termination.

Vacationland also argues that such a statutory interpretation renders Section 1455 meaningless and urges the court to avoid "illogical or absurd results" by adopting a different interpretation. *Sabina v. JP Morgan Chase Bank, N.A.*, 2016 ME 141, ¶ 6, 148 A.3d 284.

13

Essentially, Vacationland argues that Section 1455 has no purpose if a violation of that statute does not automatically trigger arbitration under Section 1457.

The Act, however, endorses a cause of action by a distributor in addition to reasonable compensation against a manufacturer for "engag[ing] in conduct prohibited under [the Act]." 28-A M.R.S. § 1458(1) (2022). Subsections two and three of Section 1458 provide the remedies available to a distributor should such prohibited conduct occur. *See* § 1458(2) (authorizing the court to order equitable relief); § 1458(3) (authorizing the court to award "punitive damages, as well as actual damages, costs and attorneys fees").

Failing to provide notice prior to termination under Section 1455 is conduct prohibited by the Act. Accordingly, to the extent damages may be proven for that failure, Vacationland may be compensated for Fore River's statutory violation. *See Eastern Maine Inc.*, 455 A.2d 936 at 945 (suggesting that any remedy for failure to provide notice "may lie within the provisions of Section 672" — Section 1458's prior iteration); *see also Cent. Distribs. v. Labatt United States Operating Co.*, No. BCD-CV-12-33, 2012 Me. Bus. & Consumer LEXIS 41, at *10 (Oct. 15, 2012) ("Section 1458 . . . provides a cause of action for any conduct prohibited by the [Act]."). Therefore, the court does not conclude that it leads to an illogical result.

Most important, in *Eastern of Maine, Inc. v. Vintners Group, Ltd.*, the Law Court has already spoken on the issue. 455 A.2d 936 (Me. 1983). The distributor there, arguing under an older, substantially similar version of the Act, claimed that it was entitled to reasonable compensation for the manufacturer's termination regardless of the existence of good cause because the manufacturer did not provide notice prior to the termination.[5] *Eastern of Maine, Inc.*, 455 A.2d at 945. The Law Court disagreed and held that a right to reasonable compensation

---

[5] In *Eastern of Maine, Inc.*, the Law Court interpreted the prior version of the Act, 28 M.R.S. §§ 665-679 (Supp. 1986), which was recodified at 28-A M.R.S. §§ 1451-1465 (Supp. 1987). Recodification, and any minor amendments enacted since have not changed the substance of the provisions cited therein.

14

hinges on a "good cause" analysis only, regardless of whether the manufacturer failed to comply with proper notice. *Id.*

Section 1454 simply requires a manufacturer to have good cause before terminating a distribution arrangement. Its text does not require a manufacturer to provide notice of its good cause before doing so. Additionally, the text of Section 1457 does not require provision of notice to send the issue of reasonable compensation to an arbitrator. As the Law Court stated in *Eastern of Maine, Inc.*, the only statutory prerequisite for arbitration is termination without good cause. Thus, summary judgment in favor of Vacationland on Count II does not operate as a catalyst for compelling arbitration under Section 1457.

Because the court grants Fore River's Rule 56(f) Motion and continues the pending summary judgment Motion for further discovery on the issue of "good cause," it cannot compel arbitration on the issue of reasonable compensation. Accordingly, the court does not render a decision on Count III.

## CONCLUSION

Defendant's Rule 56(f) Motion and Plaintiff's Summary Judgment Motion are each granted in part. As to Count I alleging termination without good cause, the Court agrees that further discovery is needed for Fore River to justify their opposition. Vacationland's Summary Judgment Motion is continued as to Count I. Since the issue of good cause is the only prerequisite to initiation of Section 1457's arbitration procedure, the Court does not compel arbitration at this time.

Summary judgment is granted in favor of Plaintiff Vacationland on Count II. There is no genuine issue of fact. Fore River did not provide Vacationland with the statutorily required ninety day notice of termination.

15

The parties have a mediation scheduled for the first week of July. If mediation is unsuccessful, the parties will confer and if there is agreement, submit a schedule to complete the discovery necessary to rule on the motion for summary judgment for the court's signature by July 21. If not, they will request a conference with the court.

**Entry is:**

Defendant's Motion brought pursuant to M.R. Civ. P. 56(f) is Granted in Part. Summary judgment proceedings on Counts I and III are continued for further discovery.

Plaintiff's Motion for Summary Judgment Granted as to Count II.

The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 6/21/22

Thomas R. McKeon
Justice, Maine Superior Court

16